### RAPPAPORT v. WERNER et al.

(Supreme Court, Appellate Division, First Department. November 25, 1898.)

TRIAL—STRIKING FROM CALENDAR—ACTION IN TORT—PARTIES.

    Under Code Civ. Proc. § 456, providing that an action in tort may proceed against such defendants as have been served, though summons issued against all, a cause against defendant tort feasors cannot be stricken from the calendar because one of them has not yet been served, on the theory that he was a necessary party.

Appeal from trial term, New York county.

Action by Sarah Rappaport against Simon Werner and others. From an order striking the cause from the calendar, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Abraham H. Sarasohn, for appellant.
Chas. L. Cohn, for respondents.

PATTERSON, J. The order appealed from, by which this cause was stricken from the general calendar, was erroneously made. The action was against tort feasors, each of whom was charged with responsibility for the same alleged wrong. One of the defendants was a co-partner of the plaintiff. The case was stricken from the calendar on the ground that he was a necessary party, and that, as he was not served with the summons, the cause was not in a condition to be put upon the calendar. That defendant was made a party on the record, but he was not served with process. Under the allegations of the complaint, each defendant was severally, as well as jointly, liable, if there is any liability at all. Whether the action can be maintained ultimately is not the question that was before the court on this motion. It was a common-law action, and in such an action the fact that one defendant severally liable is not served does not stay the action as against others, who are severally liable. If the summons is issued against all, and only served on one or more, severally liable, the plaintiff may proceed against those served as if

they were the only defendants named. That is specially provided by section 456 of the Code of Civil Procedure. Those served must answer for their wrong.

The case was properly on the calendar for trial, and the order must be reversed, with costs, and the case restored to its proper place on the calendar.

Order reversed, with $10 costs and disbursements, and case restored to its place on calendar. All concur.